IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-10639
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CLIFTON RUSSELL

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-138-ALL

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Clifton Russell appeals the 120-month aggregate sentence imposed following his guilty plea conviction for possession with intent to distribute a controlled substance and possession of a firearm in furtherance of a drug trafficking crime. The plea agreement contained a waiver of appeal provision in which Russell waived his right to appeal his conviction and sentence with the exceptions that he could bring a challenge based on: 1) a sentence in excess of the statutory maximum, 2) an arithmetic error, 3) involuntariness of his guilty

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea or the waiver, and 4) a claim of ineffective assistance of counsel.  Russell argues that the district court erred by relying on the information in the presentence report to determine the amount of controlled substances relevant to his offense, by denying him credit for acceptance of responsibility, by increasing his offense level for his role in the offense, and by increasing his offense level for obstruction of justice.  The Government seeks to enforce the appeal waiver provision in Russell's plea agreement and moves for summary affirmance.

Russell's appeal waiver was knowing and voluntary, and, therefore, the waiver is enforced.  See United States v. Melancon, 972 F.2d 566, 567-68 (5th Cir. 1992).  Russell does not allege that his sentence exceeds the statutory maximum or is the result of an arithmetic error, that his plea was involuntary, or that his counsel was ineffective.  All of the sentencing issues presented for appeal are barred from review.

The Government's motion for summary affirmance is GRANTED.  The Government's alternative motion for an extension of time is DENIED.  The judgment of the district court is AFFIRMED.